UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

JOAN CARRIERI HOGE,

    Plaintiff,

- against -

TOWN OF WARWICK, MICHAEL SWEETON,
Town Supervisor, JEFFREY FEAGLES, Commissioner
of Public Works, and GARY QUACKENBUSH, former
Commissioner of Public Works, sued in their individual
capacities,

    Defendants.
_____X

FILED
U.S. DISTRICT COURT
2005 MAY 16  P 2:10
S.D. OF N.Y. W.P.

**COMPLAINT**

**JURY TRIAL DEMANDED**

**05 CV. 4730**

**ROBINSON**

## INTRODUCTION

1. Plaintiff Joan Carrieri Hoge brings this lawsuit alleging unlawful gender discrimination against defendants Town of Warwick, Michael Sweeton, Jeffrey Feagles and Gary Quackenbush, in violation of the Equal Protection Clause of the Fourteenth Amendment, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* and the New York Human Rights Law §296.

## PARTIES

2. Plaintiff is a woman who resides in the Town of Warwick, Orange County, New York, within this judicial district.

3. Defendant Town of Warwick is a municipal entity organized pursuant to the laws of the State of New York. It may sue and be sued.

4. Defendant Michael Sweeton is the elected Supervisor of the Town of Warwick and has been so at all times relevant to this action. He is sued in his individual capacity.

5.  Defendant Jeffrey Feagles is the Commissioner of Public Works for the Town of Warwick and has been so since January 1, 2003. He is sued in his individual capacity.

6.  Defendant Gary Quackenbush was the Commissioner of Public Works for the Town of Warwick at all times relevant to this lawsuit until December 31, 2002. He is sued in his individual capacity.

**JURISDICTION**

7.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and § 1343(3) & (4). It also has jurisdiction pursuant to 42 U.S.C. § 2000e, <u>et seq.</u> And 42 U.S.C. §1983. As the State claims arise from the same facts as the Federal claims, this Court has subject matter jurisdiction over the State law claims pursuant to 28 U.S.C. § 1367.

8.  On or about July 9, 2003, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission. This suit is timely brought within 90 days of her receipt of the right-to-sue letter.

9.  The events giving rise to this suit occurred in Orange County, within this Judicial district.

**FACTUAL ALLEGATIONS**

10. Plaintiff is a woman who holds a Class "B" commercial drivers license with air brakes and passenger endorsements and has held positions operating a bus, cement mixer and dump truck.

11. Plaintiff also has experience operating a bulldozer, wheel loader and backhoe.

2

12. In or about January 2001, plaintiff applied for a position as a laborer with the Town of Warwick Department of Public Works ("DPW").

13. Plaintiff received no response to her employment application.

14. In or about fall 2001, plaintiff submitted a second application for employment to the DPW.

15. Plaintiff again received no response to her application.

16. In or about January 2002, plaintiff submitted a third application for employment to the DPW.

17. In or about June 2002, after receiving no response to her third employment application, plaintiff met with defendant Sweeton, the Town Supervisor, and defendant Quackenbush, the DPW Commissioner.

18. Defendant Quackenbush told plaintiff that the DPW only hired in January and that the only open position had already been filled.

19. In or about fall 2002, plaintiff applied for a fourth time to the DPW and received no response to her application.

20. In or about January 2003, plaintiff applied for the fifth time for a job at the DPW and again received no response to her application.

21. On or about February 12, 2003, plaintiff again met with defendant Sweeton, who told her that he was not responsible for hiring.

22. On the same day, plaintiff met with defendant Feagles, the new DPW Commissioner, who told her that the DPW "only hired from within."

23. Defendant Feagles also told plaintiff to fill out another employment application.

3

24. Plaintiff did so and received no response to it.

25. During the period in which plaintiff submitted applications for employment to the DPW and received no response, the DPW hired males to fill vacancies. Plaintiff was qualified for each position for which she submitted an application.

26. At all times relevant to this lawsuit, the DPW has not employed women in either full time or part time permanent positions, except in a clerical position.

27. At all times relevant to this lawsuit, it has been the policy and practice of the DPW and the Town of Warwick to discriminate against women by denying them the benefit of full or part time permanent employment, except for a single clerical position.

28. As a result of defendants' discriminatory misconduct, plaintiff has lost wages and benefits and has suffered emotional pain, humiliation and embarrassment.

## **CAUSES OF ACTION**

29. Plaintiff incorporates the allegations in paragraphs 1-28 as if fully restated herein.

30. Defendants knowingly and willfully violated the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution by depriving plaintiff of her right to equal employment opportunity.

31. Defendants knowingly and willfully violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* and the New York Human Rights Law §296 by discriminating against plaintiff on account of her gender in denying her the opportunity for employment by the Town of Warwick Department of Public Works.

WHEREFORE, plaintiff prays that this Honorable Court:

    a.    accept jurisdiction over this matter;

    b.    empanel a jury to fairly hear and decide this matter;

    c.    award to plaintiff back and front pay;

    d.    award to plaintiff compensatory damages sustained as a result of defendant's discriminatory practices;

    e.    award to plaintiff punitive damages for defendant's wilful and outrageous conduct; and

    f.    award any other relief deemed just and proper.

Dated:    May 12, 2005
            Chester, New York

Respectfully submitted,

HELEN G. ULLRICH (HU 6597)

THORNTON, BERGSTEIN & ULLRICH, LLP
15 Railroad Avenue
Chester, New York 10918
(845) 469-1277

Counsel for plaintiff